[No. 9088. Department Two. March 24, 1911.]

DAVID McVAY, *Appellant*, v. JOE REESE, *Respondent*.[1]

PLEDGES — CORPORATE STOCK — FORECLOSURE — EVIDENCE — SUFFI-
CIENCY. In an action to foreclose a pledge of corporate stock, it is
error to grant a nonsuit where plaintiff's evidence showed that he
sold the stock to defendant, but retained possession as collateral
security for a note for the purchase price, which was due and un-
paid; the burden of proving an affirmative defense being upon the
defendant.

Appeal from a judgment of the superior court for King
county, Frater, J., entered May 5, 1910, upon granting a
nonsuit, dismissing an action on promissory notes and to fore-
close a lien on corporate stock. Reversed.

*James Kiefer*, for appellant.

CROW, J.—This action was commenced by David McVay
against Joe Reese, to recover principal and interest claimed to
be due on three promissory notes and to foreclose a lien on
twenty-five shares of capital stock of the Sherwood Logging
Company, a corporation. At the close of plaintiff's evidence,
the trial court sustained defendant's motion for a nonsuit,
and entered an order of dismissal. The plaintiff has appealed.

The only question presented is whether the trial court erred
in granting the nonsuit. Appellant testified that on January
7, 1905, he sold twenty-five shares of the capital stock of the
Sherwood Logging Company, a corporation, to respondent,
who in payment executed and delivered to appellant his prom-
issory notes to the amount of $2,500; that appellant retained
the certificate of stock as collateral security; that for the
purpose of collection, appellant placed the notes with the
Seattle National Bank where they were payable, and also
deposited the stock with the bank, to be delivered by it to
respondent on full payment of the notes; that $1,500 was
paid, leaving $1,000 and interest due and unpaid; that the

[1]Reported in 114 Pac. 184.

stock was not delivered to respondent; that respondent did not expect its delivery until he took up the notes, and that the appellant never intended respondent should have the stock until the notes were paid. The stock certificate which is in evidence was originally issued to appellant, but when the sale was made, was assigned in blank by appellant, ready for delivery upon payment of the notes.

We fail to understand the theory upon which the nonsuit was granted. Respondent has filed no brief. Appellant's evidence which, upon motion for a nonsuit, must be accepted as true, shows that he sold the stock to respondent, who executed and delivered his notes in payment. The mere fact that the stock was retained by appellant as collateral security for the notes does not indicate any want of consideration, nor does it suggest any other reason why the notes should not be paid. The stock at all times since the sale has been ready for delivery upon payment of the notes. Respondent paid $1,500, which fact tends to establish appellant's contention that the consideration was to be paid and the notes satisfied prior to any delivery of the stock. Respondent pleaded an affirmative defense, to the effect that the remaining $1,000 was to be paid out of dividends on the stock, or not at all, and that no dividends had been declared, but this defense was denied, and the burden of sustaining it was upon the respondent who introduced no evidence for that purpose. Although it appears that the appellant retained the stock without first delivering it to the respondent, we think the evidence shows it was pledged as security, as completely as it would have been had it been delivered to the respondent and then returned to the appellant.

The motion for a nonsuit should have been denied. The judgment is reversed, and the cause remanded for a new trial.

Dunbar, C. J., Chadwick, and Morris, JJ., concur.